| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | Order Filed on February 18, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>EVARISTO BURDIEZ,<br><br><br>Debtor. | Case No.: 20-23664/VFP<br><br>Chapter 13<br><br>Hearing Date: February 4, 2021 @ 10:00AM<br><br>Judge: Vincent F. Papalia |

### ORDER DENYING CECILIA OTERO'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE WITHOUT PREJUDICE AND DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY ON CONDITIONS

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: February 18, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

**Debtor:** EVARISTO BURDIEZ
**Chapter 13 | Case No. 20-23664/VFP**
**Caption of Order:** ORDER DENYING CECILIA OTERO'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE WITHOUT PREJUDICE AND DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY ON CONDITIONS

---

This matter having been opened to the Court by John R. Voorhees III, attorney for Creditor, Cecilia Otero, upon the filing of a Motion to Dismiss Debtor's Chapter 13 Case and for Relief from the Automatic Stay; and with opposition being filed by Roger Chavez, attorney for Debtor, Evaristo Burdiez, and both parties having made supplemental submissions and having appeared and argued before the Court at a hearing held on February 4, 2021 (the "Hearing"); and due notice having been given; and the Court having considered the competing forms of Order and related correspondence submitted by the parties; and for the reasons set forth on the record at the Hearing; and for other good cause shown;

**IT IS ORDERED** that Cecilia Otero's Motion to Dismiss Debtor's Chapter 13 case is **DENIED** without prejudice; and

**IT IS FURTHER ORDERED** that Cecilia Otero's Motion for Relief from the Automatic Stay is **DENIED** on the terms and conditions set forth in this Order. The Automatic Stay shall remain in full force and effect with respect to any action taken towards the Debtor or the property located at 365 River Road, Bogota, NJ ("Property"), including (without limitation) the enforcement of prior orders of the Superior Court of New Jersey, Chancery Division, Family Part against the Debtor and the Property, except upon further Order of this Court; and

**IT IS FURTHER ORDERED** that the Debtor shall resume making regular post-petition monthly mortgage payments to Select Portfolio Servicing, Inc. ("SPS") effective immediately and until such time the Property is sold. Cecilia Otero and the Debtor shall cooperate with each other in providing verbal and/or written information and any necessary approvals for the purposes of enabling the remittance of the regular post-petition monthly mortgage payments, obtaining mortgage payoff statements, and allowing other direct inquiries with SPS relating to the Property or the mortgage on the Property; provided, however, that either party may request that the other party (or his or her authorized representative) participate in such calls and other communications

**Debtor:** EVARISTO BURDIEZ
**Chapter 13** | **Case No. 20-23664/VFP**
**Caption of Order: ORDER DENYING CECILIA OTERO'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE WITHOUT PREJUDICE AND DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY ON CONDITIONS**

and shall so participate to the extent required by SPS. In the event that the Debtor defaults on this provision, Ms. Otero may refile for Relief from the Automatic Stay provided that: (i) the Debtor has defaulted more than fifteen days from the grace period of when the monthly mortgage payment is due; and (ii) such default is not the direct or indirect result of any failure to cooperate by Ms. Otero as provided in this paragraph. The Debtor's failure to cooperate as provided in this paragraph may constitute grounds for appropriate relief, upon notice and motion, which may be requested on shortened notice, if appropriate; and

**IT IS FURTHER ORDERED** that the Debtor and Cecilia Otero shall reasonably cooperate with each other in marketing, showing and selling the Property; provided, however, that (i) unless the parties agree otherwise in writing or the Court otherwise orders, the contract price shall be for no less than $540,000, and (ii) such contract may be subject to reasonable and customary contingencies. In all circumstances, such contract and sale shall be subject to approval of this Court. Upon this Court's approval of the sale of the Property, the Debtor and Ms. Otero shall reasonably cooperate with each other by executing and delivering any and all necessary or customary legal documents, including conveyance of the Deed to the Property, required by the title company and/or closing settlement agent. In the event that either party fails to reasonably cooperate with the other as provided in this paragraph, the appropriate party may file a motion on shortened notice, if appropriate, to appoint an attorney-in-fact to execute legal documents on behalf of the noncooperating party or seek other appropriate relief; and

**IT IS FURTHER ORDERED** that Cecilia Otero may employ a real estate broker to market, show and sell the Property provided that:

a) The proposed real estate agent complies with D.N.J. LBR 2014-1;
b) Once approved, all authorized real estate agents shall exercise reasonable measures to market, show and sell the Property; provided, however that such efforts shall not: (i)

3

**Debtor:**        EVARISTO BURDIEZ
**Chapter 13    |    Case No. 20-23664/VFP**
**Caption of Order: ORDER DENYING CECILIA OTERO'S MOTION TO DISMISS DEBTOR'S CHAPTER 13 CASE WITHOUT PREJUDICE AND DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY ON CONDITIONS**

___

unreasonably endanger the safety of the Debtor's household or any other person; or (ii) otherwise unreasonably interfere with the use of the Property. Such real estate agent shall be deemed to have complied with this subparagraph if he or she complies with recommended guidance of the State of New Jersey (see Executive Order 107, as may be amended), the New Jersey Board of Realtors or similar commercially recognized organization, with respect to COVID-19 related issues.

c) All authorized real estate agents shall confer with the Debtor and Ms. Otero to determine which items are removable fixtures of the Property that may properly be excluded from the sale (e.g., new appliances, furniture, etc.). All authorized real estate agents shall either prepare or update the Multiple Listing Service ("MLS") description of the Property to accurately reflect what removable items are to be excluded from the sale; and

**IT IS FURTHER ORDERED** that the Debtor shall provide any authorized real estate agent with reasonable access to the Property so as to allow the Property to be fully and properly marketed, shown and sold. At a minimum, this shall include permitting the authorized real estate agent to show the Property to prospective purchasers during the times of 1:00PM to 5:00PM on all days on no less than four (4) hours advance written notice to the Debtor or his attorney, with a copy to the Debtor's realtor. Access shall be provided during the hours from 10:00AM to 1:00PM on all days on no less than twenty-four (24) hours' notice to the Debtor or his attorney, with a copy to Debtor's realtor. The parties may agree in writing to shorten or change the advance notice period in any one or more instances, and shall act reasonably in considering any request to shorten or change the notice period. The written notice under this paragraph may be made by email or text message to the Debtor or his attorney and his realtor. Each party and their respective agents and attorneys shall provide the other with their designated contact information for these purposes.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 20-23664-VFP |
| Evaristo Burdiez | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 18, 2021 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 20, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Evaristo Burdiez, 365 River Road, Bogota, NJ 07603-1017 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 20, 2021                    Signature:        /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 18, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| John Richard Voorhees, III | on behalf of Creditor Cecilia Otero bk@focusedlaw.com bk@focusedlaw.com;g35648@notify.cincompass.com;10440@notices.nextchapterbk.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Roger Chavez | on behalf of Debtor Evaristo Burdiez rchavez01@aol.com  rchavez@chavezlegal.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

District/off: 0312-2   User: admin   Page 2 of 2
Date Rcvd: Feb 18, 2021   Form ID: pdf903   Total Noticed: 1
TOTAL: 5