# ROGER CHAVEZ
**ATTORNEY AT LAW**
THE NATIONAL NEWARK BUILDING
744 BROAD STREET, SUITE 1600
NEWARK, NEW JERSEY 07102

PHONE (973) 735-0530
FAX (973) 735-0531

*VIA ECF FILING*

April 13, 2021

Hon. Vincent F. Papalia, U.S.B.J.
U.S. Bankruptcy Court, District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

RE:  In re Evaristo Burdiez, Debtor
Chapter 13 | Case No. 20-23664/VFP

Debtor's Surreply to Cecilia Otero's Opposition to Debtor's Omnibus Motion to: A) Modify Cecilia Otero's Filed Proof of Claim (Claim No. 2); B) Expunge Select Portfolio Servicing's Filed Proof of Claim (Claim No. 3); and C) for Sanctions Against Cecilia Otero and Patel, Soltis, Cardenas & Bost Pursuant to 28 U.S.C. § 1927 and/or 11 U.S.C. § 105(a)

Dear Judge Papalia:

On April 5, 2021, I received and reviewed Cecilia Otero's opposition to the above-referenced Debtor's motion ("Claims Motion"). Ms. Otero's pleading continues to expose her and her counsel's troubling unfamiliarity with the Bankruptcy Code as it is replete with misstatements and misapplications of the Bankruptcy Code and rules governing the practice thereof.

## Proof of Claim No. 2 (Cecilia Otero's Claim)

Ms. Otero's counsel incredulously argues that his client is entitled to the assessment of post-petition fines imposed by the Family Court for the Debtor's pre-petition failure to pay the mortgage and liens encumbering on the former marital property. Ms. Otero's counsel refers to my omission of any statutory or judicial authority to support that a bankruptcy filing stays or tolls the assessment of state court-imposed fines

post-petition. Ms. Otero's counsel proceeds to miscite 11 U.S.C. § 362(b)(4) as a basis to justify the imposition of post-petition fines on the Debtor.

As an exception to the automatic stay, 11 U.S.C. § 362(b)(4) grants governmental units the ability to enforce police or regulatory powers "...**other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.**" *11 U.S.C. § 362(b)(4). Emphasis added.* In the instant case, Ms. Otero is disingenuously attempting to conflate her cause against the Debtor in a private Family court matter as a governmental unit's action to enforce a particular police or regulatory power. If this Court were to adopt Ms. Otero's obtuse interpretation of 11 U.S.C. § 362(b)(4), the automatic stay would be ineffective against all post-petition collection of State court ordered fines against bankrupt Debtors who are being held in contempt of court for anything from failing to answer interrogatories to not paying outstanding parking tickets.

To illustrate Ms. Otero's farcical reasoning, she is essentially arguing that the automatic stay would not apply against the post-petition imprisonment of a Debtor resulting from a contempt order issued pre-petition by a State court because as a governmental unit, it is policing and enforcing its own orders. Yet, this precise action has been found sanctionable and violative of the Code by several bankruptcy courts. *See Sternberg v. Johnston*, 582 F.3d 1114 (9th Cir. 2009); *In re Parast*, 612 B.R. 710, 720-21 (Bankr. D.S.C. 2020)(holding that post-petition issuance of a bench warrant for Debtor's arrest violates the automatic stay notwithstanding that the State court found Debtor to be in civil contempt for failure to pay domestic support obligations); *In re Goodson*, 2018 WL 722461, * 10 (Bankr. N.D. Ala. 2018)(finding that a Family court judge's attempt to convert civil contempt to criminal contempt proceedings and ordering incarceration of Debtor post-petition was a stay violation perpetrated by Debtor's ex-spouse and her family law attorney); *In re Valentine*, 611 B.R. 622, 649-50 (Bankr. E.D. Mo. 2020)(holding that Debtor's ex-spouse and her attorney violated the automatic stay by allowing Family Court to continue contempt hearing which resulted in Debtor's incarceration post-petition). It is interesting to note that in the cases cited in this paragraph, neither the Bankruptcy Court

nor the creditors' attorneys raised 11 U.S.C. § 362(b)(4) as a potential defense or stay exception because it is clearly inapplicable in these scenarios. The automatic stay was designed to act as a breathing spell for the Debtor. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991). Allowing the continuous post-petition assessment of court ordered fines on Ms. Otero's proof of claim is incongruous with the spirit of the automatic stay.

11 U.S.C. § 362(b)(4) was enacted to allow the automatic stay to co-exist with governmental units' ability to enforce a policy or regulatory power that protects the public from dangerous or unsafe actions performed by Debtors. *See, e.g., City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1124-1125 (9th Cir. 2006), *cert. denied, PG&E Corp. v. California ex rel. Lockyer*, 549 U.S. 882 (2006)(**If the government attempts to protect its pecuniary interest the stay applies** but if it acts to protect public safety and welfare the stay is inapplicable.). Not withstanding Ms. Otero's counsel misapplication of 11 U.S.C. § 362(b)(4), assuming, *arguendo*, Ms. Otero was an alter-ego of a governmental unit, the stay prevents the collection of post-petition fines as that section of the Code excludes the collection of monetary awards.

Ms. Otero's counsel appears unfamiliar with the claim's objection process and the burden of proof standard imposed on his client. An objection to a proof of claim shifts the burden of proof. *See United States v. Baskin and Sears, P.C.*, 207 B.R. 84, 86 (E.D. Pa. 1997). In this case, Ms. Otero filed a proof of claim. Debtor challenged the validity of the claim by pointing out a miscalculation that impermissibly included the assessment of post-petition fines. In response, Ms. Otero did not challenge the miscalculation; rather, Ms. Otero's counsel made a baseless assertion that 11 U.S.C. § 362(b)(4) allows her to collect post-petition fines. Once a claim is challenged with sufficient evidence to call into question the sworn facts in the proof of claim, the burden reverts to the claimant, in this case, Ms. Otero, to prove the validity of the claim by a preponderance of the evidence. *See generally, In re Graboyes,* 371 B.R. 113, 119 (E.D. Pa. 2007), *citing In re Allegheny Int'l, Inc.,* 954 F.2d 167, 174 (3rd Cir. 1992)("burden of persuasion is always on the claimant."); *In re Gimelson*, 2004 U.S. Dist. LEXIS 23879, 2004 WL 2713059 at *13 (E.D. Pa. 2004); *In*

re Galloway, 220 B.R. 236, 244 (Bankr. E.D. Pa. 1998). "A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity." In re Hollars, 198 B.R. 270, 271 (Bankr. S.D. Ohio 1996). Ms. Otero has failed to sustain her burden of proof for the allowance of post-petition fines as part of her claim. Debtor respectfully requests that this Court grant the original relief sought in his motion with relation to her claim.

### Proof of Claim No. 3 (Claim Improperly filed on behalf of Select Portfolio Servicing)

Ms. Otero's counsel again miscites Fed. R. Bankr. P. 3005(a) as a basis for filing a proof of claim on behalf of a separate and independently represented entity, Select Portfolio Servicing ("SPS"). Moreover, Ms. Otero falsely states that SPS was not aware of the Debtor's bankruptcy despite that Denise Carlon filed a Notice of Appearance on behalf of SPS on January 13, 2021--less than a month after the petition filing date. See Docket Entry No. 17. Ms. Carlon filed a timely proof of claim on behalf of SPS on February 24, 2021.

Fed. R. Bankr. P. 3005(a) is inapplicable in this case for several reasons. First, the rule is applicable **only** when the claims bar date has expired. In the instant case, the claims bar date was February 24, 2021. SPS had already filed a timely proof of claim, thus, Ms. Otero was not authorized to prematurely file a proof of claim on behalf of SPS on January 11, 2021. Secondly, Fed. R. Bankr. P. 3005(a) applies to claims in which the Debtor is liable for. As stated repeatedly, the Debtor is not a signatory on SPS's promissory note; thus, there is no privity of contract for liability between him and SPS. Ms. Otero has argued in bad faith that the Debtor is a borrower on the SPS claim when it has suited her. For example, here, she argues that Debtor is liable on the SPS mortgage claim but on the issue of the insurance proceeds, she argues that he is not a borrower but a "stranger" to the forced place insurance policy which covers the lender and borrowers on the mortgage. The fact that Ms. Otero has argued both opposing positions is evidence of her bad faith and misconduct by engaging in vexatious litigation in this matter.

Lastly, Ms. Otero's counsel miscites the "Informal Proof of Claim" doctrine as a justification for filing a proof of claim on behalf of SPS. It is clear that Ms. Otero's counsel is not familiar with the "Informal Proof of Claim" doctrine and I will not explain it here as I am sure this Court is well-versed and familiar on this concept. Needless to say, said doctrine is only invoked when a proof of claim is untimely filed, which was not the case here as SPS filed a timely proof of claim.

Although Ms. Otero withdrew the proof of claim she improvidently filed on behalf of SPS, the withdrawal occurred only **AFTER** the Debtor was forced to incur legal fees by filing the instant claims' objection motion and after imploring Ms. Otero's counsel to withdraw the claim—which he refused to timely do at his own peril. Ms. Otero committed a tactical error in withdrawing the claim filed on behalf of SPS for the following reasons: a) the withdrawal of the claim is ineffective in accordance with Fed. R. Bankr. P. 3006 which only allows a creditor to withdraw a proof of claim by Order of the Court if an objection to the claim was filed, which was the case here; and, b) if this Court authorizes the withdrawal of this claim, Ms. Otero would have essentially accepted the Debtor's Chapter 13 plan, which she essentially has already done by virtue of her failing to file a timely objection to the Debtor's Chapter 13 plan on or before January 28, 2021. *See D.N.J. L.B.R. 3015-3 (*"An objection to chapter 13 confirmation must be filed and served not later than 7 days before the hearing date set in the Notice of Hearing on Confirmation of Plan or Notice of Modification of Chapter 13 Plan.").

Given the contentious and acrimonious demeanor of Ms. Otero towards the Debtor, it would not surprise me if she and her counsel filed the claim on behalf of SPS in an attempt to harass, sabotage and disqualify the Debtor from a Chapter 13 case by hoping to place him over the statutory debt limits. Filing a proof of claim in the Bankruptcy Court is a serious matter which Ms. Otero has recklessly disregarded for the sake of upping the *ante* in her spiteful vendetta against the Debtor. Her stay violations alone are lucid examples of how Ms. Otero has disrespected the Bankruptcy Court, the Code, the rules and process governing these proceedings. Ms. Otero and her counsel (by misusing the CM/EMF credentials) must be

made aware that the there are serious consequences for filing fraudulent and unauthorized proofs of claims. I personally tried to plead with Ms. Otero's counsel to withdraw the SPS claim nearly two months before I was compelled to file this motion. Unfortunately, neither Ms. Otero nor her bankruptcy counsel have acted in good faith in resolving these issues. Debtor reiterates his prayer for relief and respectfully requests that this Court sanction Ms. Otero and her bankruptcy counsel for the offense of abusing the claims process. Specifically, Debtor seeks that this Court exercise its authority pursuant to 11 U.S.C. § 105(a) and/or 28 U.S.C. § 1927 by awarding Debtor's counsel $2,994.50 in attorneys' fees.

                                                   Sincerely,

                                                 <u>/s/ Roger Chavez</u>
                                                 Roger Chavez
                                                 Attorney for Debtor, Evaristo Burdiez