| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>ROGER CHAVEZ, ESQ. (RC4040)<br>THE NATIONAL NEWARK BUILDING<br>744 BROAD STREET, SUITE 1600<br>NEWARK, NEW JERSEY 07102<br>(973) 735-0530<br>ATTORNEY FOR DEBTOR, EVARISTO BURDIEZ | **Order Filed on May 5, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>EVARISTO BURDIEZ,<br><br><br>Debtor. | Case No.: 20-23664/VFP<br><br>Chapter 13<br><br>Hearing Date: April 15, 2021 @ 11:00AM<br><br>Judge: Vincent F. Papalia |

**ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE**

The relief set forth on the following pages, numbered two (2) through six (6) are hereby **ORDERED**.

**DATED: May 5, 2021**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:       EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:   ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

This matter having been opened to the Court by Roger Chavez, Esq., attorney for Debtor, Evaristo Burdiez (the "Debtor"), upon the filing of Debtor's Motion (the "Motion") to: A) Approve Contract of Sale of Real Property; B) Appoint Attorney-in-Fact for Cecilia Otero; C) Authorize Sale of Real Property Free and Clear of Judgment Liens; D) Declare Fire Insurance Proceeds as Property of the Chapter 13 Estate; and E) Compel Cecilia Otero to Turnover Fire Insurance Proceeds Check/Monies to Select Portfolio Servicing, and a copy of said Motion having been served upon Cecilia Otero and her attorney, John Voorhees, Esq., Select Portfolio Servicing, Inc. and its attorney, Denise Carlon, Esq., and affected judgment creditors; and the Court having considered the submissions of the parties, the competing offers for the Realty (as defined below), the arguments of counsel and the entire record of these proceedings; and the parties having appeared at a hearing on the Motion on April 15, 2021 (the "Hearing"); and for the reasons set forth on the record at the Hearing, and for good cause shown;

**IT IS ORDERED:** that the revised contract of sale for the real estate property located at 365 River Road, Bogota, New Jersey ("Realty"), between the sellers: Debtor and his ex-wife, Cecilia Otero, and buyers: Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, dated April 12, 2021, for the purchase price of $599,000.00, a copy of which is attached to the April 13, 2021 letter brief of Debtor's counsel as Exhibit A (the "Approved Contact of Sale"), is hereby approved as the highest and best offer for the Realty.  The Debtor is authorized to enter into and perform under the Approved Contract of Sale. All other prior contracts of sale for the Realty are not approved or authorized, are deemed rejected, are of no force or effect and are superseded by the Approved Contract of Sale.

**IT IS ORDERED:** that the buyers, Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, must obtain a valid mortgage commitment by no later than May 31, 2021.  Thereupon, buyers must close on the Approved Contract of Sale by no later than June 30, 2021.  These deadlines may be extended by written agreement among all parties thereto or by further Order of this Court.

Debtor:    EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

**IT IS FURTHER ORDERED:** that the buyers, Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, agreed at the Hearing to withdraw their request for limited relief from the automatic stay to pursue the underlying specific performance lawsuit titled "Claudia Marcela Duque-Salazar, Gloria Liliana Zalazar Arbalaez and Jose Fenibal Duque-Castano v. Cecilia Otero and Evaristo Burdiez, Jr.," Docket No. BER-C-00208-20, filed in the Superior Court of New Jersey, Chancery Division, General Equity Part-Bergen Vicinage ("Specific Performance lawsuit"). Furthermore, the parties have agreed to dismiss the underlying Specific Performance lawsuit and withdraw any related cross and/or counter claims thereto.

**IT IS FURTHER ORDERED:** that Debtor's request to appoint an Attorney-in-Fact for Cecilia Otero is held in abeyance pending the sale of the Realty. Cecilia Otero shall cooperate with executing any and all documents and taking all actions reasonably necessary to consummate the sale of the Realty. Cecilia Otero shall also cooperate in obtaining any mortgage payoffs and authorizations required to close on the sale of the Realty. In the event Cecilia Otero does not reasonably cooperate with the sale of the Realty, including but not limited to signing documents and obtaining and providing requested information, Debtor may request, on notice to all affected parties, that this Court re-list the subpart of the underlying Motion to appoint an Attorney-in-Fact on behalf of Cecilia Otero on shortened notice. Any delays caused by Cecilia Otero's non-cooperation shall form a valid basis for extending the deadlines to consummate the sale of the Realty.

**IT IS FURTHER ORDERED:** the Debtor is authorized to sell the Realty on the terms set forth in the Approved Contract of Sale pursuant to 11 U.S.C. secs. 363(b) and 1303.

Debtor:    EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

**IT IS FURTHER ORDERED:** that the proceeds of sale must be used to satisfy liens on the Realty unless the liens are otherwise avoided by Court Order. Notwithstanding 11 U.S.C. §363, the Realty is to be sold free and clear of the following judgment liens, with any such valid liens attaching to the proceeds of sale in the same order of priority as existed immediately prior to the time of such sale:

a) American Express Centurion Bank v. Evaristo Burdiez- Docket No. L-001506-10 | Judgment No. J-084559-11, filed in the Superior Court of New Jersey-Bergen Vicinage;

b) Weinberg & Cooper LLC v. Evaristo Burdiez- Case No. FM-000761-14 | Judgment No. J-114312-14, filed in the Superior Court of New Jersey-Bergen Vicinage;

c) Weinberg & Cooper LLC v. Evaristo Burdiez – Case No. FM-000761-14 | Judgement No. J-091503-20, filed in the Superior Court of New Jersey-Bergen Vicinage;

d) LT Asset Recovery LLC v. Evaristo Burdiez – Docket No. DC-029981-09| Judgment No. DJ-056030-10, filed in the Superior Court of New Jersey-Bergen Vicinage;

e) Midland Funding LLC v. Evaristo Burdiez – Docket No. DC-013124-15 | Judgment No. DJ-146813-17, filed in the Superior Court of New Jersey-Bergen Vicinage;

f) Midland Funding LLC v. Evaristo Burdiez – Docket No. DC-013574-16 | Judgment No. DJ-193997-17, filed in the Superior Court of New Jersey-Bergen Vicinage; and,

g) Julian Hernandez v. Evaristo Burdiez – Docket No. DC-008573-16 | Judgment No. DJ-028838-18, filed in the Superior Court of New Jersey-Bergen Vicinage.

**IT IS FURTHER ORDERED:** notwithstanding the preceding paragraph, confirmation of the Debtor's Chapter 13 plan, which includes motions to avoid all of the aforementioned

Debtor:   EVARISTO BURDIEZ
Chapter 13   |   Case No. 20-23664/VFP
Caption of Order:   ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

judgment liens pursuant to 11 U.S.C. § 522(f)(2), as and to the extent approved by this Court, shall release any and all attachments of the proceeds of sale from the judgment liens.

**IT IS FURTHER ORDERED:** Sufficient funds may be held in escrow by the settlement agent to pay Jill Cadre's attorneys' fees upon further Order of this Court.

**IT IS FURTHER ORDERED:** Other reasonable and customary closing fees and expenses may be satisfied from the proceeds of sale, and adjustments to the price as provided for in the Approved Contract of Sale, may be made at closing.

**IT IS FURTHER ORDERED:** the settlement agent shall disburse the amount of $25,150.00, claimed as the Debtor's homestead exemption, directly to the Debtor, Evaristo Burdiez, at the time of closing.

**IT IS FURTHER ORDERED:** the balance of the sales proceeds must be paid to the Chapter 13 Standing Trustee, Marie-Ann Greenberg.

**IT IS FURTHER ORDERED:** A copy of the HUD settlement statement must be forwarded to the Chapter 13 Standing Trustee within 7 days after closing.

**IT IS FURTHER ORDERED:** that the insurance proceeds disbursed by Assurant, Inc., through American Security Insurance Company, to Cecilia Otero in connection with a fire claim loss for damages sustained on the Realty, on or about November 13, 2019, are hereby declared to be property of the Chapter 13 estate with respect to the Debtor's one-half interest in the Realty,

Debtor:    EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

subject to the rights of Select Portfolio Servicing, Inc. ("SPS") to those proceeds as to the Debtor and Ms. Otero. Specifically, the checks issued by American Security Insurance Company on December 23, 2020 in the respective amounts of $281,816.98 and $12,532.73, made payable to "Cecilia Burdiez and Select Portfolio Servicing, Inc." and/or "Cecilia Burdiez" are property of the Chapter 13 estate to the extent of the Debtor's one-half interest in the Realty. If Ms. Otero has not already done so, said proceeds shall be immediately tendered to SPS. For the purpose of clarity, all such insurance proceeds in the amounts of $281,816.98 and $12,532.73 are required to be tendered to SPS and utilized in accordance with the terms of the subject Mortgage.

**IT IS FURTHER ORDERED AND ACKNOWLEDGED:** that all parties have agreed to dispose of the $281,816.98 insurance proceeds check by having Cecilia Otero tender said funds to SPS whereupon SPS shall apply same funds to pay down the outstanding principal mortgage amount prior to closing of the Realty. Both the Debtor and Cecilia Otero shall cooperate with SPS in ensuring that the $281,816.98 is applied to paying down the outstanding principal mortgage. With respect to all remaining insurance proceeds disbursed in the past or in the future with respect to the November 13, 2019 loss, said funds are property of the Chapter 13 estate to the extent of the Debtor's one-half interest in the Realty; provided that none of those remaining insurance proceeds may be disbursed to any party other than the Chapter 13 Standing Trustee unless authorized by further Order of this Court.

**IT IS ORDERED** that the fourteen (14) day stay per Fed. R. Bankr. P. 6004(h) is hereby waived.

**IT IS ORDERED:** that the Debtor shall serve a copy of this Order on all creditors, including (without limitation) judgment lien creditors, the buyers, the Chapter 13 Trustee and all parties that filed a Notice of Appearance in this case within three (3) business days of its entry.