UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

ROGER CHAVEZ, ESQ. (RC4040)
THE NATIONAL NEWARK BUILDING
744 BROAD STREET, SUITE 1600
NEWARK, NEW JERSEY 07102
(973) 735-0530
ATTORNEY FOR DEBTOR, EVARISTO BURDIEZ

Order Filed on May 5, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

EVARISTO BURDIEZ,

Debtor.

Case No.: 20-23664/VFP

Chapter 13

Hearing Date: April 15, 2021 @ 11:00AM

Judge: Vincent F. Papalia

**ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE**

The relief set forth on the following pages, numbered two (2) through six (6) are hereby **ORDERED**.

**DATED: May 5, 2021**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:       EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

_____

This matter having been opened to the Court by Roger Chavez, Esq., attorney for Debtor, Evaristo Burdiez (the "Debtor"), upon the filing of Debtor's Motion (the "Motion") to: A) Approve Contract of Sale of Real Property; B) Appoint Attorney-in-Fact for Cecilia Otero; C) Authorize Sale of Real Property Free and Clear of Judgment Liens; D) Declare Fire Insurance Proceeds as Property of the Chapter 13 Estate; and E) Compel Cecilia Otero to Turnover Fire Insurance Proceeds Check/Monies to Select Portfolio Servicing, and a copy of said Motion having been served upon Cecilia Otero and her attorney, John Voorhees, Esq., Select Portfolio Servicing, Inc. and its attorney, Denise Carlon, Esq., and affected judgment creditors; and the Court having considered the submissions of the parties, the competing offers for the Realty (as defined below), the arguments of counsel and the entire record of these proceedings; and the parties having appeared at a hearing on the Motion on April 15, 2021 (the "Hearing"); and for the reasons set forth on the record at the Hearing, and for good cause shown;

**IT IS ORDERED:** that the revised contract of sale for the real estate property located at 365 River Road, Bogota, New Jersey ("Realty"), between the sellers: Debtor and his ex-wife, Cecilia Otero, and buyers: Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, dated April 12, 2021, for the purchase price of $599,000.00, a copy of which is attached to the April 13, 2021 letter brief of Debtor's counsel as Exhibit A (the "Approved Contact of Sale"), is hereby approved as the highest and best offer for the Realty.  The Debtor is authorized to enter into and perform under the Approved Contract of Sale. All other prior contracts of sale for the Realty are not approved or authorized, are deemed rejected, are of no force or effect and are superseded by the Approved Contract of Sale.

**IT IS ORDERED:** that the buyers, Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, must obtain a valid mortgage commitment by no later than May 31, 2021.  Thereupon, buyers must close on the Approved Contract of Sale by no later than June 30, 2021.  These deadlines may be extended by written agreement among all parties thereto or by further Order of this Court.

Debtor:     EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

___

**IT IS FURTHER ORDERED:** that the buyers, Gloria Liliana Salazar Arbalaez and Jose Fenibal Duque, agreed at the Hearing to withdraw their request for limited relief from the automatic stay to pursue the underlying specific performance lawsuit titled "Claudia Marcela Duque-Salazar, Gloria Liliana Zalazar Arbalaez and Jose Fenibal Duque-Castano v. Cecilia Otero and Evaristo Burdiez, Jr.," Docket No. BER-C-00208-20, filed in the Superior Court of New Jersey, Chancery Division, General Equity Part-Bergen Vicinage ("Specific Performance lawsuit"). Furthermore, the parties have agreed to dismiss the underlying Specific Performance lawsuit and withdraw any related cross and/or counter claims thereto.

**IT IS FURTHER ORDERED:** that Debtor's request to appoint an Attorney-in-Fact for Cecilia Otero is held in abeyance pending the sale of the Realty. Cecilia Otero shall cooperate with executing any and all documents and taking all actions reasonably necessary to consummate the sale of the Realty. Cecilia Otero shall also cooperate in obtaining any mortgage payoffs and authorizations required to close on the sale of the Realty. In the event Cecilia Otero does not reasonably cooperate with the sale of the Realty, including but not limited to signing documents and obtaining and providing requested information, Debtor may request, on notice to all affected parties, that this Court re-list the subpart of the underlying Motion to appoint an Attorney-in-Fact on behalf of Cecilia Otero on shortened notice. Any delays caused by Cecilia Otero's non-cooperation shall form a valid basis for extending the deadlines to consummate the sale of the Realty.

**IT IS FURTHER ORDERED:** the Debtor is authorized to sell the Realty on the terms set forth in the Approved Contract of Sale pursuant to 11 U.S.C. secs. 363(b) and 1303.

Debtor:     EVARISTO BURDIEZ
Chapter 13   |   Case No. 20-23664/VFP
Caption of Order:   ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE
_____

**IT IS FURTHER ORDERED:** that the proceeds of sale must be used to satisfy liens on the Realty unless the liens are otherwise avoided by Court Order. Notwithstanding 11 U.S.C. § 363, the Realty is to be sold free and clear of the following judgment liens, with any such valid liens attaching to the proceeds of sale in the same order of priority as existed immediately prior to the time of such sale:

a) American Express Centurion Bank v. Evaristo Burdiez- Docket No. L-001506-10 | Judgment No. J-084559-11, filed in the Superior Court of New Jersey-Bergen Vicinage;

b) Weinberg & Cooper LLC v. Evaristo Burdiez- Case No. FM-000761-14 | Judgment No. J-114312-14, filed in the Superior Court of New Jersey-Bergen Vicinage;

c) Weinberg & Cooper LLC v. Evaristo Burdiez – Case No. FM-000761-14 | Judgement No. J-091503-20, filed in the Superior Court of New Jersey-Bergen Vicinage;

d) LT Asset Recovery LLC v. Evaristo Burdiez – Docket No. DC-029981-09| Judgment No. DJ-056030-10, filed in the Superior Court of New Jersey-Bergen Vicinage;

e) Midland Funding LLC v. Evaristo Burdiez – Docket No. DC-013124-15 | Judgment No. DJ-146813-17, filed in the Superior Court of New Jersey-Bergen Vicinage;

f) Midland Funding LLC v. Evaristo Burdiez – Docket No. DC-013574-16 | Judgment No. DJ-193997-17, filed in the Superior Court of New Jersey-Bergen Vicinage; and,

g) Julian Hernandez v. Evaristo Burdiez – Docket No. DC-008573-16 | Judgment No. DJ-028838-18, filed in the Superior Court of New Jersey-Bergen Vicinage.

**IT IS FURTHER ORDERED:** notwithstanding the preceding paragraph, confirmation of the Debtor's Chapter 13 plan, which includes motions to avoid all of the aforementioned

Debtor:    EVARISTO BURDIEZ
Chapter 13    |    Case No. 20-23664/VFP
Caption of Order:    ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

---

judgment liens pursuant to 11 U.S.C. § 522(f)(2), as and to the extent approved by this Court, shall release any and all attachments of the proceeds of sale from the judgment liens.

**IT IS FURTHER ORDERED:** Sufficient funds may be held in escrow by the settlement agent to pay Jill Cadre's attorneys' fees upon further Order of this Court.

**IT IS FURTHER ORDERED:** Other reasonable and customary closing fees and expenses may be satisfied from the proceeds of sale, and adjustments to the price as provided for in the Approved Contract of Sale, may be made at closing.

**IT IS FURTHER ORDERED:** the settlement agent shall disburse the amount of $25,150.00, claimed as the Debtor's homestead exemption, directly to the Debtor, Evaristo Burdiez, at the time of closing.

**IT IS FURTHER ORDERED:** the balance of the sales proceeds must be paid to the Chapter 13 Standing Trustee, Marie-Ann Greenberg.

**IT IS FURTHER ORDERED:** A copy of the HUD settlement statement must be forwarded to the Chapter 13 Standing Trustee within 7 days after closing.

**IT IS FURTHER ORDERED:** that the insurance proceeds disbursed by Assurant, Inc., through American Security Insurance Company, to Cecilia Otero in connection with a fire claim loss for damages sustained on the Realty, on or about November 13, 2019, are hereby declared to be property of the Chapter 13 estate with respect to the Debtor's one-half interest in the Realty,

5

Debtor: EVARISTO BURDIEZ
Chapter 13  |  Case No. 20-23664/VFP
Caption of Order: ORDER: A) APPROVING CONTRACT OF SALE OF REAL PROPERTY; B) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF JUDGMENT LIENS; AND C) DECLARING FIRE INSURANCE PROCEEDS AS PROPERTY OF THE CHAPTER 13 ESTATE

_____

subject to the rights of Select Portfolio Servicing, Inc. ("SPS") to those proceeds as to the Debtor and Ms. Otero. Specifically, the checks issued by American Security Insurance Company on December 23, 2020 in the respective amounts of $281,816.98 and $12,532.73, made payable to "Cecilia Burdiez and Select Portfolio Servicing, Inc." and/or "Cecilia Burdiez" are property of the Chapter 13 estate to the extent of the Debtor's one-half interest in the Realty. If Ms. Otero has not already done so, said proceeds shall be immediately tendered to SPS. For the purpose of clarity, all such insurance proceeds in the amounts of $281,816.98 and $12,532.73 are required to be tendered to SPS and utilized in accordance with the terms of the subject Mortgage.

**IT IS FURTHER ORDERED AND ACKNOWLEDGED:** that all parties have agreed to dispose of the $281,816.98 insurance proceeds check by having Cecilia Otero tender said funds to SPS whereupon SPS shall apply same funds to pay down the outstanding principal mortgage amount prior to closing of the Realty. Both the Debtor and Cecilia Otero shall cooperate with SPS in ensuring that the $281,816.98 is applied to paying down the outstanding principal mortgage. With respect to all remaining insurance proceeds disbursed in the past or in the future with respect to the November 13, 2019 loss, said funds are property of the Chapter 13 estate to the extent of the Debtor's one-half interest in the Realty; provided that none of those remaining insurance proceeds may be disbursed to any party other than the Chapter 13 Standing Trustee unless authorized by further Order of this Court.

**IT IS ORDERED** that the fourteen (14) day stay per Fed. R. Bankr. P. 6004(h) is hereby waived.

**IT IS ORDERED:** that the Debtor shall serve a copy of this Order on all creditors, including (without limitation) judgment lien creditors, the buyers, the Chapter 13 Trustee and all parties that filed a Notice of Appearance in this case within three (3) business days of its entry.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                     Case No. 20-23664-VFP

Evaristo Burdiez                                                                  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 05, 2021 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 07, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Evaristo Burdiez, 365 River Road, Bogota, NJ 07603-1017 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 07, 2021                Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 5, 2021 at the address(es) listed below:

**Name**                **Email Address**

Alex A Pisarevsky
    on behalf of Creditor Weinberg & Cooper  LLC ap@njlawfirm.com

Alex A Pisarevsky
    on behalf of Interested Party Melissa Cohen  Esq ap@njlawfirm.com

Denise E. Carlon
    on behalf of Creditor U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com

Franklin G. Soto
    on behalf of Creditor Jose Fenibal Duque-Castano yesenia@bsgslaw.com sotofr96356@notify.bestcase.com

Franklin G. Soto
    on behalf of Creditor Gloria Liliana Salazar yesenia@bsgslaw.com sotofr96356@notify.bestcase.com

Franklin G. Soto
    on behalf of Creditor Claudia Marcela Duque-Salazar yesenia@bsgslaw.com sotofr96356@notify.bestcase.com

District/off: 0312-2                                           User: admin                                           Page 2 of 2

Date Rcvd: May 05, 2021                           Form ID: pdf903                                 Total Noticed: 1

John Richard Voorhees, III
           on behalf of Creditor Cecilia Otero bk@focusedlaw.com
           bk@focusedlaw.com;g35648@notify.cincompass.com;10440@notices.nextchapterbk.com

Marie-Ann Greenberg
           magecf@magtrustee.com

Marie-Ann Greenberg
           on behalf of Trustee Marie-Ann Greenberg magecf@magtrustee.com

Roger Chavez
           on behalf of Debtor Evaristo Burdiez rchavez01@aol.com rchavez@chavezlegal.com

U.S. Trustee
           USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11