| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br>*By: John. R. Voorhees III, Esq.* <br><br>*1 Broad St,* <br>*Freehold NJ 07728* <br>*(844)-533-3367* <br><br>*info@focusedlaw.com* <br><br>*Counsel for Creditor Cecilia Otero* | Case Number: 20-23664 |
| In Re: <br><br>Evaristo Burdiez | Chapter: <u>13</u> <br><br>Hearing Date: <u>6/24/2021</u> <br><br>Judge : <u>  VFP  </u> |

CERTIFICATION OF CREDITOR

I, Cecilia Otero, a creditor in this case, submits this Supplemental Certification in response to the Debtor's Supplemental Filing

1. Debtor and his in-laws attempted to force through a closing, with full knowledge that Ms. Cadre was going to be out of office due to surgery.
2. This Court's Order specified that the closing was to occur by June 30, 2021.
3. The sales contract that was signed by all parties stated a closing date of June 30, 2021.
4. The Debtor's claims related to his in-laws needing to forego additional expenses are not his claims to make, nor are they realistic as they do not abide the written contract.
5. As a show of good faith, I have offered not to pursue further legal action for the delay of the closing, because it is my intention to sell the property to the inlaws.
6. Debtor's claims of bad faith on my part are equally misplaced, Ms. Cadre never sent his repairs email to me.
7. In fact, in Ms. Cadre's absence, my bankruptcy attorney has been negotiating with Debtor's Attorney to bring these issues to a close, I have authorized the Debtor to speak with SPS through their portal, we are awaiting a formal list of repairs from the building inspector, and I have been cooperating with seeing this matter to a close.
8. However, Debtor cannot place the blame for his own inaction at my feet. None of the necessary repairs to the property to obtain a CO have actually been made. The building inspector was only contacted this week to provide a list of necessary repairs on the property. Debtor's assertion of cost to repair is a proposed contract between himself and another for work to be performed on the property in the amount of $24,300.00 signed April 21, 2021 of this year. This is of significant

concern, because neither myself nor the bankruptcy estate was notified that Debtor intended to utilize over $24,000 of estate assets to repair the property. Furthermore, the repairs listed may or may not be necessary as that will need to be determined by the building inspector. Finally, if repairs are to be performed at my expense, I ought to be involved in the selection of professional contractors, I have no guarantee that $24,300.00 is a reasonable estimate. It is extremely dismaying that Evasristo claims in email to Ms. Cadre that some of the work has already been completed without notification to any of the appropriate parties.

9. As to the fire use inspection fee, this document was only produced today for the first time. It appears legitimate, but is unsigned, as a result I would like the opportunity to investigate further before obligating myself to more debt.
10. In following the Debtor's claims, I recognize the debt owed to the electrician, as there was a properly filed permit with the town for that work to be completed.
11. I also recognize the debt owed to the plumber, as proper permits were filed for the work which was to be completed and a valid invoice produce.
12. I adamantly refuse to recognize any debt as being owed to Lumix Construction as they are not licensed to do business in the state of new jersey, when questioned stated that they did not perform work on my property, and no permits were opened with the town to reflect them ever performing work.
13. Now, for the first time, Debtor himself produces the Contract for repairs, which was previously sent to me and recognized by this Court as wholly inadequate.
14. That repair contract, which the Debtor now produces, is fraudulently created. The company "Lumix Construction" is not licensed to do work in the State of New Jersey and when I reached out to them to inquire further, they stated that they have never performed work in the state of new jersey.
15. Furthermore, the construction company is incapable of filing any sort of lien against the property, as the property is in the process of being sold through the Chapter 13 Estate and the bill was not produced until after the bankruptcy was filed.
16. There remains no lien against the property for Lumix Construction.
17. I will not be held responsible for a fraudulently created document and view this last minute submission as Debtor's effort to unlawfully extort money from me personally.
18. This was the exact concern which was reiterated ad nauseum throughout these proceedings, that the Debtor would attempt to take the insurance proceeds and in some way direct them back to himself.
19. I asked for the debtor to produce these documents for months. Debtor intentional excluded the contract from being listed in his bankruptcy and violated multiple court orders to produce these documents. Only at the final hour does he attempt to claim them legitimate.
20. Now, the debtor simply chooses not to go after the insurance proceeds and instead attempts to go after me personally, through direct claims that this debt needs to be satisfied prior to closing.
21. The debtor, now a day before the next hearing, comes requesting over $200,000.00 be escrowed to fix the house, in a direct attempt to circumvent this Court's Order that the insurance proceeds be applied to the mortgage and not used to pay the fraudulent contractor.
22. Finally, none of these issues will be resolved by appointing an attorney in fact to sign the sales contract on my behalf. I remain ready and willing to sell to the inlaws. What the debtor is attempting to have this Court do would require an entirely different motion as he seeks to have attorney appointed to obligate me to a fraudulent contract, not actually an execution of the real estate contract which was the purpose of the initial motion.

I certify under penalty of perjury that the above is true.

Date: 6/23/2021                                /s/Cecilia Otero
                                               Creditor's Signature