Attorneys / Abogados:
Veer P. Patel, Esq., NJ/NY
Derek J. Soltis, Esq., NY
Lazaro Cardenas, Esq., NJ
Jason Bost, Esq., NY
Robert F. Ranalli, Esq., NJ
Lola Ogbuagu, Esq., NY
John R. Voorhees, Esq., NJ

**PSCB**
PATEL SOLTIS CARDENAS & BOST
ATTORNEYS / ABOGADOS
info@focusedlaw.com
P (973) 200-1111
F (866) 212-4111

For Service/Mail
1 Broad Street, Suite 5
Freehold, NJ 07728

574 Newark Ave, Ste 307
Jersey City, NJ 07306

New York
26 Court Street, Suite 2511
Brooklyn, NY 11242

<u>**VIA ECF FILING**</u>

Hon. Vincent F. Papalia, U.S.B.J.
U.S. Bankruptcy Court, District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

       **Re:** <u>**In re Evaristo Burdiez, Debtor**</u>
       **Chapter 13; Case No. 20-23664/VFP**
**Letter in Response to Debtor's Cross Motion to Disallow the Fee Application of Jill Cadre**

Dear Judge Papalia:

Please accept this Letter in lieu of a more formal response to Debtor's Cross Motion to Disallow the Fee Application of Jill Cadre.

While Creditor Otero does not join in either the application or the opposition, several of Debtor's statements in his certification appear to address Ms. Otero's recently filed Motion to Release Funds, necessitating certain corrections.

First, debtor specifically did not object to the retention of Jill Cadre, nor was he the one to select an attorney from the list provided by Keller Williams. Debtor's attorney directed for Ms. Otero to select an attorney from the list and that Debtor would have no objections to any attorney on the list. (See Correspondence from Debtor's Counsel attached hereto).

Second, Debtor claims that the original closing date was June 17, 2021. This is incorrect, the contract of sale calls for June 30, 2021 to be the closing date. The buyers pushed for an earlier closing without the sellers having obtained the certificate of continued occupancy necessary to complete the sale and the request to close early was declined as a result. As outlined

in the recently filed Motion for Release of Funds, the debtor and buyers' continued to push to close before the CCO was issued. Based upon the representations of counsel for debtor and counsel for buyers, that the closing could happen without a CCO, this Court directed the sale be consummated without a CCO. The sale being concluded without a CCO subjects the sellers to criminal penalties and monetary fines.

Third, Debtor claims that "Ms. Otero was not cooperating with the certificate of occupancy issue". This claim is based on Ms. Otero's refusal to agree to payment of unlicensed contractors for performing unlicensed, fraudulent, and illegal work on the property, namely the debtor at that time was still seeking payment to Lumix Construction Group.

Finally, Debtor misrepresents to this Court that Ms. Cadre is in some way responsible for the failure to obtain a CCO. As this Court will well remember, at the hearing conducted on or about June 24, 2021, this Court directed counsel for debtor and counsel for Ms. Otero to coordinate and have their clients cooperate in obtaining the CCO. As outlined at length in the recent Motion for Release of Funds, this process has been made nearly impossible by the actions of the debtor in hiring unlicensed contractors to perform work on the property without permits.

Thank you for your time and consideration.

**Sincerely,**

**/s/ John R. Voorhees, III, Esq.**

**John Voorhees III, Esq.**

**Attorney for Cecelia Otero**