# JEFFREY A. BRONSTER, ESQ.
**ATTORNEY AT LAW**
**17 WENDELL PLACE**
**FAIRVIEW, NEW JERSEY 07022**

---

**(201) 945-2566**

Facsimile:  (201) 945-2688
email:  jbronster@bronsterlaw.com

MEMBER OF NEW JERSEY & NEW YORK BAR

November 15, 2021

Honorable Vincent F. Papalia
United States Bankruptcy Court
50 Walnut Street
Newark, NJ 07102

Re:   In re:  Evaristo Burdiez
Case No. 20-23664/VFP

## LETTER-BRIEF IN OPPOSITION OF DEBTOR'S CROSS-MOTION TO EXPUNGE THE CLAIM OF NORTH JERSEY PUBLIC ADJUSTERS INC.

Dear Judge Papalia:

Please accept this letter in lieu of a more formal brief in further support of the motion of North Jersey Public Adjusters Inc. for the release of certain funds being held by the Trustee, and in opposition to the cross-motion to expunge North Jersey's claim.

I must begin this opposition with the observation that I am not an experienced bankruptcy practitioner, my one previous foray having been several years ago in a case before your Honor. But that one experience confirmed what I would have assumed anyway: that this Court, like other courts, values honesty, candor, and at least a modicum of civility from counsel appearing before it. And yet from the papers routinely filed by Mr. Chavez, I am forced to wonder whether these expectations are, in the normal course, honored simply in the breach. Mr. Chavez has forgone the filing of a reasoned legal brief in favor of a certification of "fact" that consists largely of *ad hominem* attacks and unsupported conclusions (plus his usual demand for legal fees).

A. <u>The North Jersey Claim</u>

The debtor, in an ongoing exercise in wilful blindness, argues that because North Jersey terminated its contract with Burdiez because he was not an insured, it has no privity of contract with him - - a proposition with which we agree - - and that therefore, as a matter of law, North Jersey cannot be a creditor. Burdiez's argument is simple: only those in privity of contract with him can be his creditors. But bankruptcy law, hand in hand with common sense, states to the contrary.

Bankruptcy law defines a creditor as being an entity "that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." North Jersey meets that definition. North Jersey's claim is broken down as follows:

- North Jersey was hired by Cecilia Otero to adjust the insurance loss to the property;

- Otero, an one of the owners of the property and as a named insured, had a right to hire North Jersey for that purpose;

- Because Otero was the **only** named insured, she was the **only** one who had the legal right to hire an adjuster to adjust the insurance claim, and, as stated in the previously submitted certification, she was the **only** person with whom Assurant was willing to engage in the adjustment process;

- North Jersey successfully adjusted the claim, thereby fulfilling its contract with Otero, obtaining a benefit to Otero, and at the same time bestowing a benefit upon the property and anyone else who owned it;

- Cecilia Otero paid North Jersey its fee;

- Burdiez, through motion practice in this Court which failed to disclose the facts surrounding the insurance payment, and by concealing the participation of North Jersey in the adjustment process, succeeded in obtaining an Order which Burdiez then asserted required North Jersey to disgorge its fee;

- North Jersey maintains that Burdiez's interpretation was incorrect; the fee was "paid" by Otero, albeit with the funds issued by the insurance company. Had she simply deposited the checks and then written a new check of her own the result would have been the same, but Burdiez would not have been able to distort the facts as he has;

- Despite its belief, North Jersey, as a matter of scrupulous respect for the Court and for the Chapter 13 Trustee, chose to pay the money over to the Trustee and then litigate for its return, as it is now doing;

- North Jersey's fee has now become property of the debtor, being held in the trust account that represents his bankruptcy estate;

- As the bankruptcy estate is now holding money belonging to North Jersey, which North Jersey has the legal right to seek the return of, it has a "claim" against Burdiez as a matter of law, and is a "creditor" within the meaning of the Code.

North Jersey's actions obtained insurance proceeds that were a benefit to the property itself and to all of its owners, being funds that were now available to reduce the amount of the mortgage. Even if Otero had *not* been the only named insured, she still had the authority to hire North Jersey, and North Jersey still had a right to be paid 100% of its fee for the benefit it produced. But in fact, Burdiez had neither the right nor the ability to pursue the claim on his own. **Because Burdiez was not a named insured - - a fact that he does not, and can not contest - - Assurant was unwilling to even speak with him or his representatives.**

One of the great mysteries of this case is whether or not Burdiez was originally a signatory to the Mortgage or not. He insists that he was, although he cannot explain why, then, the mortgagee did not put his name on the policy as an insured. Ms. Otero implies, or perhaps even alleges, that Burdiez and his cousin engaged in some type of fraud in connection with the signatures. North Jersey neither knows nor cares which version is correct; it has no legal effect on North Jersey's claim. No matter how disturbing the specter of a possible fraud in connection with the mortgage may be, that is for others to investigate.

Burdiez's papers also at least suggest that he has one or more claims affirmative against North Jersey based on the adjustment of the claim. And yet North Jersey has seen no such claim

listed as a asset, disputed or otherwise, in the sworn schedules filed by Burdiez in this Court. North Jersey has never tried to hide from any lawsuit or adversary proceeding by Burdiez; it would be disposed of as quickly and as thoroughly as his frivolous complaint to the Department of Banking and Insurance. But as he has chosen not to pursue such claims, any allusions to them in his papers should be disregarded entirely by the Court.

### B. The Discovery Issue

The issue of discovery is **not** related to North Jersey's motion, and is therefore not an appropriate subject of a cross-motion. But in any event, North Jersey produced the contents of its file. If there are other relevant documents that did not become part of the file, so be it; there are, in any event, other sources of such documents, as Mr. Chavez's own certification demonstrates. North Jersey complied in good faith by producing the entire contents of its file. Burdiez has shown no good faith basis for the Court to intervene at this time.

### C. Conclusion

Whether the litigation tactics of Burdiez and his counsel are of a type routinely tolerated in bankruptcy cases, or whether - - as the undersigned suspects - - they simply represent a rogue effort to obscure the truth by accusation and vicious rhetoric that is more the exception than the norm, ultimately is not dispositive. North Jersey's claim is a simple one, understandable to any reasonable attorney, and valid on its face. It therefore asks that its motion for the recoupment of its fee be granted, and that the cross-motion to expunge its claim be denied.

Respectfully submitted,

/s/ Jeffrey A. Bronster

JEFFREY A. BRONSTER