**The Cadre Law Firm, LLC**
400 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-894-1300

Jill Cadre, Esq. #042932003
Attorney for Debtor, Evaristo Burdiez

| | |
|---|---|
| In Re:<br><br>Evaristo Burdiez,<br><br>      Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 20-23664-VSP<br><br>Chapter 13<br><br>**REPLY TO DEBTOR'S CROSS MOTION AND OBJECTION**<br><br>Hearing Date: November 18, 2021<br>              at 10:00 a.m. |

    I, **Jill Cadre**, attorney for the debtor, Evaristo Burdiez, submit this reply to the Debtor's objection. The calculation is incorrect on the fee application and the amount should be $1,980.00 (7.2 hours at $275.00).

1. I am seeking the court's approval for the payment made at closing of the $2500.00 which is $550.00 more than what was initially approved for the extra work caused on this matter. The general disbursements of $200.00 is included in the $2500 fee. Therefore the legal fee is only $2300.00.

2. In addition, I am also seeking payment of the balance of $1,980.00 for extra work and participation in hearings in the Chapter 13 case by an attorney, of counsel to my office, Albert H. Wunsch, III and continues to make on this matter. What was billed at closing was only for the real estate work on the file. None of the extraneous work done for the bankruptcy case was considered.

3. My firm was retained to be real state attorneys on this matter which closed on July 6, 2021.

4. None of the discussion regarding Keller Williams agency is relevant to this as we were ultimately retained by Mr. Burdiez. Nonetheless, I am not privy to the background story involving the agents from the Keller Williams office.

5. Mr. Burdiez did not at any point express any hesitation about working with our office or express being "reluctant" in any way.

6. He had at every moment, prior to and during the transaction, the right to retain separate counsel and my office in no way preferred one party over the other.

7. The retainer is clear – the client is retaining the Firm "The Cadre Law Firm", not Jill Cadre, Esq.

8. Further, Paragraph 1 of the retainer agreement states that the

scope of legal work to be provided is for "the sale of property located at 365 River Road, Bogota, New Jersey".

9. Paragraph 2 states that the "[t]he estimated legal fees for professional services to be rendered are $1750.00. The legal fees may be increased to reflect factors; including without limitation: [...] other matters requiring the Law Firm to devote unusual amounts of time and effort to properly represent you." The fee also includes general disbursements that we spend throughout the file and that amount charged is $200.00.

10. The fee should have been much more than $2500.00 for the real estate work only on this matter based on the numerous problems which continue to plague this file.

11. The delay in the closing had absolutely nothing to do with me being on medical leave and our office did not delay the closing. The closing date was never scheduled for June 17, 2021.

12. The closing did not occur because the parties failed to have the certificate of occupancy ("CO") in place, a condition precedent to any real estate closing.

13. The seller/Debtor, Evaristo Burdiez, who was living in the property being sold and continues to do so, advised our office _several times_ not to work on the CO issue and that he had it all under control (for months).

14. The closing cannot be scheduled until a CO is issued.

15. The closing occurred in escrow to facilitate and funds were held for payment of contractors and CO related issues.

16. On June 17, 2021, Mr. Chavez circulated an email in which he

mentioned that he was filing a motion to have an attorney in fact be appointed for Ms. Otero because of her purported lack of cooperation and lack of reply from my office for two days.

17. It was only at that point, because of Mr. Chavez's mischaracterizations, that Mr. Wunsch was asked to step in and handle this matter while I was in the hospital. He is of counsel to our firm and is located in the same building as our office. Whether the closing or court appearances would have been made by me personally or Mr. Wunsch is irrelevant. The same fee application would be made because the work done by this office is exceedingly beyond the scope of the retainer.

18. During that time, Mr. Wunsch sent several emails and made various phone calls to Ms. Otero's counsel and Mr. Chavez to facilitate communication between the parties and on behalf of this office.

19. All of this extraneous work by my office has been due to the unnecessary motion practice created by Mr. Chavez.

20. This office along has made approximately 3-4 court appearances all of which have been unnecessary. We will file a second fee application if needed as our participation has been required but yet not essential.

21. I do not feel that our participation is essential beyond the date of closing and yet we continue to be involved in this case. The fees being sought are for the extra work being done that fall outside the scope of the real estate retainer attached again hereto as Exhibit 1.

22. This has been a colossal waste of resources and the filing of a 42

page objection for a nominal fee of the closing that was essential for Debtor's bankruptcy estate is wholly unsupportable and equally without merit. It is also proof of how contentious this matter has been necessitating extra work by my office.

23. Mr. Wunsch has not been compensated for his time.

24. The requested attorney's fees, costs, and taxes for the Application Period are summarized as follows:

a. Application Period: June 17, 20121 – June 29, 2021
b. Attorney services: 7.2 hours        $1980.00
c. Costs:                               $ 0.00
Total:                                  $1980.00
Less payments from or on behalf of debtor(s):

OUTSTANDING BALANCE                     $1980.00

**WHEREFORE,** I respectfully requests that the Court allow, as an administrative expense of the estate, the total amount of $1980.00 for the Application Period and Debtor's cross-motion should be denied.

DATED: November 17, 2021           /s/ *Jill Cadre*
                                   Attorney for Debtor

EXHIBIT "1"

# AGREEMENT TO PROVIDE LEGAL SERVICES FOR SELLER

This Agreement, dated March 29, 2021, is made

BETWEEN the Clients, Cecilia Otero and Evaristo Burdiez,
Phone: (201) 776-7357 Cecilia
Email: 888montana@gmail.com
Phone: (917) 771-5700 Evaristo
Email: eburdiez@gmail.com

referred to as "You",
AND

### THE CADRE LAW FIRM

whose address is **400 Sylvan Avenue, Englewood Cliffs, New Jersey 07632**, referred to as the "Law Firm".

1. **Legal Services To Be Provided.** You agree that the Law Firm will represent You in connection with the sale of property located at 365 River Road, Bogota, New Jersey.

The legal services include the preparation and/or review of the Contract of Sale and any amendments to the contract, preparation for closing including review of the title binder, preparation and review of closing documents, representation at the closing, recording of discharges, etc.

2. **Legal Fees.** The estimated legal fees for professional services to be rendered are $1,750.00. The legal fees may be increased to reflect factors; including without limitation: scheduling or title problems, drafting or reviewing of Use and Occupancy Agreements, the need to attend distant closing, or other matters requiring the Law Firm to devote unusual amounts of time and effort to properly represent you. Any additional charges for legal fees will be based upon the amount of time required of the Law Firm. The attorney hourly fee is $275.00 and $125.00/hour for paralegal time. The legal fees are in addition to your obligation to pay for other closing costs such as homeowner's insurance, title company charges, bank charges, survey fees, recording fees, property taxes, and other charges or adjustments. If there is no closing, you will be charged a legal fee based upon the time the Law Firm has spent on your behalf.

3. **Costs.** The Law Firm will also charge you for direct disbursements from its office such as filing fees, messenger fees, federal express ($35.00 each) and escrow and deposit fees ($35.00), return check fees ($35.00), wire fees ($35.00) and administrative fee/settlement fee ($225.00). The estimated amount of disbursements are **$200.00**.

4. **Payments.** The sum of $600.00 is due upon the signing of this Agreement, with the balance due and payable at closing. In the event that a closing does not occur, you will be charged a legal fee based upon the time the Law Firm has spent on your behalf.

**5. Authority.** Pursuant to *Busiglio v. DellaFave*, 366 *N.J. Super.* 135 (*App. Div.* 2004) the attorney has actual written authority to bind you (us) and sign off on riders and other correspondence with the adversary to facilitate the real estate transaction.

**6. Responsibility of a Seller:** It is your responsibility to provide a Certificate of Occupancy and Smoke/Carbon Monoxide Detector Certificate to the Purchaser at Closing. In the event that you have a mortgage on the premises, a mortgage statement(s) must be provided to our office in order to order a final payoff for closing. If you have performed work on the premises, you must disclose it to our office and you will be responsible to cure any and all violations prior to closing.

**7. Back Title:** If you have a copy of your title from the time you purchased the home, or the survey, please provide a copy of those documents and return to our office upon signing this Agreement.

**8. Signatures.** You and the Law Firm have read and agree to this Agreement. The Law Firm has answered all of your questions and fully explained this Agreement to your complete satisfaction. You have been given a copy of this Agreement.

BY: *Jill Cadre* (Jill Cadre (Mar 30, 2021 15:07 EDT))
**THE CADRE LAW FIRM**

BY: *Cecilia Otero* (Cecilia Otero (Mar 30, 2021 15:25 EDT))
(Client)

BY: (Evaristo Burdiez (Apr 1, 2021 20:17 EDT))
(Client)